UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMMY LEE CASEY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV93 HEA |
| | ) | |
| BETTER FAMILY LIFE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915. Plaintiff has failed to provide the Court with a copy of his CJA 23 Financial Affidavit; therefore the Court is unable to determine whether plaintiff is financially unable to pay the filing fee. Plaintiff will be required to file a CJA 23 Financial Affidavit prior to this Court ruling on his motion to proceed in forma pauperis.

Further, because plaintiff has filed his complaint on prisoner civil rights complaint form, plaintiff will be required to amend his complaint on a form complaint for filing employment discrimination complaints. Plaintiff will also be required to provide the Court with a copy of his notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), within thirty (30) days of the date of this Memorandum and Order.

**Background**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged religious discrimination for his "Moslem" religion.[1] Plaintiff also alleges that he was subjected to disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as well as the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Named as defendants in this action are: Better Family Life; Dwight Unknown (Maintenance Supervisor); Jihad Khayyam; Alice Cage; and Jackie Bland.

Plaintiff attached a copy of his charge of discrimination to his complaint made out to the Missouri Commission on Human Rights ("MCHR"), dated November 30, 2017. However, plaintiff has failed to provide the Court with a copy of his notice of right to sue from the EEOC, which would give this Court jurisdiction over plaintiff's claims.

Although plaintiff's complaint states that he is bringing his claims pursuant to Title VII, the ADA and the ADEA, nowhere in the complaint does it specifically state that he is bringing a claim for discrimination or retaliation under the Missouri Human Rights Act. Rather, plaintiff has merely attached a copy of his charge of discrimination from the MCHR. The Court will not surmise a claim when one has not been articulated.

**Legal Standard**

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *See, e.g., Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

---

[1]Moslems are followers of the religion of Islam.

**Discussion**

When plaintiff filed his complaint with the MCHR, the complaint was automatically dual-filed with the EEOC. As such, if plaintiff has received an EEOC right to sue letter, he must submit a copy of it to this Court. If he has not yet received an EEOC right to sue letter, this Court would not have jurisdiction over plaintiff's EEOC claims[2] or any MHRA claim, because federal jurisdiction over a plaintiff's state MHRA claim depends upon the Court's jurisdiction over a federal claim in the same action.[3]

The statute of limitations is now running on plaintiff's state MHRA claim, should he wish to file one.[4] A plaintiff should always be aware of the necessity of filing an employment discrimination claim within the time period provided by statute and in the appropriate state or federal court. In the absence of an accompanying federal claim, a plaintiff may file an MHRA claim in the appropriate state court within the time period set forth in a MCHR notice of right to sue letter.

Additionally, to the extent plaintiff is attempting to assert federal claims, pursuant to Title VII, against the individual defendants in this matter, he should be aware that such claims are subject to dismissal. Title VII provides a remedy only against an "employer." The Eighth Circuit

---

[2] "[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). If plaintiff has received an EEOC right to sue letter, he must submit a copy of it so the Court can ascertain the timeliness of his federal employment claims. *See* 42 U.S.C. § 2000e-5(f)(1)(to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).

[3] The Court notes that there does not appear to be any grounds for diversity jurisdiction in the instant case. *See* 28 U.S.C. § 1332.

[4] Claims brought under the MHRA must be filed within ninety (90) days of receiving a right to sue letter from the MCHR. *See* Mo.Rev.Stat. § 213.111.1.

Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against the individual defendants in this action fail to state a claim upon which relief can be granted under Title VII, the ADA or the ADEA.

Accordingly, the Court will order plaintiff to amend his complaint on an employment court-form and supplement the record by submitting a copy of his EEOC right to sue letter, if he has received one, within thirty (30) days of the date of this Order. Plaintiff will also be required to provide the Court with a CJA Financial Affidavit within thirty (30) days of this Memorandum and Order. Plaintiff's failure to comply with these requirements will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] will be held in abeyance**.**

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a court-form for filing employment discrimination complaints.

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint, on a court-provided employment complaint form, and submit a copy of his EEOC right to sue letter, if he has received one, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of the CJA 23 Financial Affidavit form.

**IT IS FURTHER ORDERED** that plaintiff shall file the CJA Financial Affidavit within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 22nd day of January, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE