UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAMMY L. CASEY-EL,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        CASE NO 4:18CV93 HEA
                                      )
BETTER FAMILY LIFE,                   )
JACKIE BLAND,                         )
        Defendants,                   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or in the

Alternative for Summary Judgment, [Doc. No. 7]. Plaintiff opposes the Motion.

For the reasons set forth below, the Motion to Dismiss is granted.

### Facts and Background

Plaintiff filed a *pro se* Complaint against Better Family Life and Jackie

Bland on February 5, 2018. Plaintiff asserted he experienced age and disability

discrimination in that he was dismissed based upon his age and disability in

violation of the Americans with Disabilities Act (ADA), the Age Discrimination in

Employment Act (ADEA), the Fifth Amendment, and the Fourteenth Amendment.

On November 30, 2017, Plaintiff dually filed a Charge of Discrimination

with the Equal Employment Opportunity Commission ("EEOC Charge" or

"Charge") and the Missouri Commission on Human Rights ("MCHR") alleging age and disability discrimination against Better Family Life. On the same day, November 30, 2017, the EEOC issued Plaintiff a Dismissal and Notice of Rights. Plaintiff filed his Amended Complaint on February 5, 2018 alleging age and disability discrimination.

In his *pro se* Complaint, Plaintiff checked the boxes indicating that his action is based on, the ADEA, the ADA, the Fifth Amendment and Fourteenth Amendments to the United States Constitution. Plaintiff alleges he is over the age of forty and has a physical or mental disability that limits one or more major activities. He further alleges he has always had excellent work performance but was called in by human resource person, Defendants Jackie Byrd. Byrd informed Plaintiff that he was being laid off because they were moving the department to a different location.

## Standard of Review

To survive a motion to dismiss under 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice. *Id*. (quoting

*Twombly*). Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 1950. Under Fed. R. Civ. P. 12(b)(6), the Court must accept plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005).

## Discussion

### Claims Against Jackie Bland

Plaintiff ostensibly asserts claims against Defendants Bland for violations of the ADA, ADEA, the Fourteenth Amendment, and the Fifth Amendment.

#### The ADA Claim

As to the ADA claim, Plaintiff alleges in his amended complaint that Defendants Bland talked to him in human resources; that they were moving the department to a different location; that he was being laid off. There is no allegation that Bland is a corporation. There is no allegation that Bland is his employer. There is likewise no allegation that Better Family Life is his employer.

After reviewing plaintiff's Charge of Discrimination, the Notice of Right to Sue Letter from the EEOC, and Plaintiff's Complaint, the Court agrees with Defendants and finds that Plaintiff's Complaint is deficient in regard to the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition there is no individual liability under the ADA requirements. *See Lewis v. City of Si. Louis*, 2014 WL 241526, at *2 (E.D. Mo. Jan. 22, 2014); *Wilson y. Duckett Truck Ctr*, 2013 WL 384717, at *2 (E.D. Mo. Jan. 31, 2013).

**The ADEA Claim**

Regarding the ADEA claims, as the Court noted previously, there is no allegation that Bland is an employer. The best that might be gleaned from the Complaint is that Defendants might be employed by someone since there is a reference to human resources. A review of the pleading indicates this claim to be in serious jeopardy for survival. The ADEA definition of "employer" does not include individuals. 29 U.S.C.§ 630(b); *McCann,* 2010 WL 4180717 at 2; *Breidenbach*, 2012 WL 85276 at 4. A claim for individual liability against Defendants Bland is not available to Plaintiff within the context of the statutory relief sought. Likewise, as to Defendants Better Family Life, there is no allegation that Better Family Life was an employer of Plaintiff. As such the claim is also fatally deficient as to Defendants Better Family Life.

**Fourteenth Amendment Claim**

Plaintiff makes reference to the Fourteenth Amendment as a legal basis for claims in his Amended Complaint. He has failed to make any allegations that even facially support a Fourteenth Amendment claim.

The Fourteenth Amendment pertains to claims involving state action exclusively, and not to any action of private individuals. *United Siales y.Cruikshank*, 92 U.S. 543, 554 (1 875). *See also Howard v. US.*, 274 F.2d 100, 104(8th Cir. 1960) (Equal Protection Clause of the Fourteenth Amendment inapplicable where there was no state action involved); *Geinosky y. City of Chicago*, 675 F.3d 743, 747 (7" Cir. 2012) ("The Equal Protection Clause of the Fourteenth Amendment, ratified to help protect the equality that had been won in the Civil War, is most familiar as a guard against state and local government discrimination on the basis of race, national origin, sex, and other class-based distinctions."); *Modaber v. Culpeper Memorial Hospital, Inc*., 674 F.2d 1023, 1024 Fn. 3 (4th Cir. 1982) ("Purely private behavior does not violate the Fourteenth Amendment, as the Amendment's language limits its application exclusively to acts attributable to the state."); *Hardy v. Correctional Medical Services*, 2012 WL 5258954 (E.D. Mo. 2012) (individual dismissed where no allegations that he is a state actor).

**The Fifth Amendment Claim**

In order to facially assert a constitutionally protected right under the Fifth Amendment Plaintiff must allege a governmental action to his detriment and an implication of either a property interest or a liberty interest. The Fifth Amendment mandates due process of law before a person may be deprived of liberty or

property. Plaintiff here has made no such assertion in the pleadings. He has not alleged any governmental action impacting him in any detrimental fashion. He has not alleged that Better Family Life is a governmental entity or acting on behalf of the government. The age discrimination claim fails to clear minimal muster requirements to survive the motion of the Defendants.

### Conclusion

Based upon the forgoing analysis, Plaintiff's Amended Complaint fails to state a cause of action, and therefore the Court will grant Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No 7] is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff is granted 14 days from the date of this order to file an amended complaint.

Dated this 21st day of November, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE